**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-5179**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOSEPH JEROME SMITH,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at New Bern.  Louise W. Flanagan, Chief District Judge.  (7:04-cr-00003-FL-1)

Submitted:  January 18, 2011          Decided:  January 25, 2011

Before NIEMEYER, DUNCAN, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.  George E. B. Holding, United States Attorney, Jennifer P. May-Parker, Ethan A. Ontjes, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Joseph Jerome Smith appeals the sixty-month sentence of imprisonment imposed by the district court after finding that Smith violated his term of supervised release prohibiting criminal conduct. Smith pled guilty to distributing five grams or more of cocaine base, in violation of 21 U.S.C.A. § 841(a)(1), (b)(1)(B) (West 1999 & Supp. 2009), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (2006).[*] On appeal, Smith argues that the sixty-month sentence is excessive and plainly unreasonable because the district court procedurally erred by failing to render an individualized assessment because its statement that Smith was a very dangerous person was unsupported by the record. We disagree.

We will affirm a sentence imposed after revocation of supervised release if it is within the prescribed statutory range and not plainly unreasonable. United States v. Crudup, 461 F.3d 433, 439-40 (4th Cir. 2006). In determining whether a sentence is plainly unreasonable, we first consider whether the sentence imposed is unreasonable. Id. at 438. In making this determination, we follow "the procedural and substantive

---

[*] Smith was subject to a statutory maximum term of imprisonment of five years following a revocation of supervised release. See 18 U.S.C. § 3583(e)(3) (2006).

considerations that we employ in our review of original sentences." Id. at 438. In this inquiry, we take a more deferential posture concerning issues of fact and the exercise of discretion than reasonableness review of Guidelines sentences. United States v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007). Only if we find the sentence procedurally or substantively unreasonable, must we decide whether it is "plainly" so. Id. at 657.

While a district court must consider Chapter Seven's policy statements and the statutory provisions applicable to revocation sentences under 18 U.S.C. §§ 3553(a), 3583(e) (2006), the district court need not robotically tick through every subsection, and it has broad discretion to revoke the previous sentence and impose a term of imprisonment up to the statutory maximum provided by § 3583(e)(3). Moulden, 478 F.3d at 656-57; Crudup, 461 F.3d at 439. Moreover, while a district court must provide a statement of the reasons for the sentence imposed, the court "need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence." United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010).

After reviewing the record, we conclude that the district court's assertion that Smith was a very dangerous person was premised upon its finding that Smith's repeated

3

pattern of committing drug offenses indicated that he disregarded the law. Smith's contention that the district court's finding was unsupported by the record is inaccurate. Thus, the district court did not procedurally err in determining Smith's sentence, which is not unreasonable.

Accordingly, we affirm Smith's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>